UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 2:21-CR-22 |
| | ) | |
| TRAVIS MCMICHAEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT OBJECTIONS BY THE McMICHAEL DEFENDANTS
TO THE PROPOSED REQUESTS TO CHARGE**

At the pretrial conference on December 20, 2021, the Court ordered the parties to agree, if possible, on jury instructions and to file their objections to, and positions on, any unagreed-upon charges by January 25, 2022. Travis McMichael and Gregory McMichael now jointly file their objections as directed.

**Objection to Government's Proposed Jury Instruction No. 17**

The McMichael defendants object to the definitions of "willfully" and "intent" proposed by the government in instruction 17. As to the former, these defendants ask the Court to give the Eleventh Circuit pattern instruction on willfully more or less as-is, instead of the paraphrased version proposed by the government.

As for the definition of "intent," that word is used only in conjunction with the definition of "willfully" – i.e., that the "government must prove that [a] person acted voluntarily and purposefully, with the intent to do something the law forbids." Despite the limited use of the word, the government's proposed instruction provides a longer definition of "intent" than "willfully." Given the clarity of the definition of "willfully," there may be no need to define intent at all. But if there is, the McMichael defendants' proposal provides a short and legally correct definition of intent, i.e., that it "simply means that a defendant has chosen, with full knowledge, to participate in an unlawful act."

The McMichael defendants note, too, that the government wants the Court to charge the jury that "[i]ntent is a state of mind and can be proven by circumstantial evidence" since it "can rarely be established by other means." The government would tell the jury, too, that intent allows them to consider "all the attendant circumstances of the case," and it would tell the jury twice that it can infer that a person intends the consequences of his acts. The proposal finally concludes that the jury has to determine what inferences to draw from the evidence.

The government's proposal largely duplicates the earlier instruction to consider the evidence in the case, use reasoning and common sense to make deductions and reach conclusions, and not be concerned with whether evidence is direct or circumstantial. *See* Joint Proposed Jury Instruction No. 6.

Given the brief reference to "intent" in the willfully pattern instruction, the clarity of the use of that word within that instruction, and the provisions of another instruction that tells the jury how to consider evidence, the lengthy definition of "intent" proposed by the government is not necessary.

## Objection to Government's Proposed Jury Instruction No. 18

The parties' competing instructions address how to charge the jury about the "because of" element of 18 U.S.C. §245, which employs a but-for standard. *See Burrage v. United States*, 571 U.S. 204, 212-14, 216 (2014). The McMichael defendants' proposed instruction employs the jury charge used in *United States v. Roof*, No. 2:15-cr-472 (D.S.C., Doc 960-Pg 73), which was not challenged on appeal. *United States v. Roof*, 10 F.4th 314 (4th Cir.2021). For the Court's convenience, these

defendants attach the *Roof* charge as Exhibit 1. It is a simple and correct statement of the law.

The McMichael defendants object to the government's proposed charge for two reasons. *First*, it is confusing – especially with respect to the baseball analogy. While the government contends that this analogy comes from *Burrage*,[1] the government has paraphrased it. The *Burrage* court did not describe "a whole host of other but-for causes for the same win"; it discussed "a host of *other* **necessary** causes." *Burrage*, 571 U.S. at 212 (italicized emphasis in original; bold emphasis added) *Burrage* does not equate but-for causation with "necessary causes" at any point in the decision.[2]

---

[1] Its supporting citations include *Burrage* with this parenthetical: "discussing interpretation of statutes using the term "because of," and using the above baseball analogy to explain but-for causation."

[2] Here is the full *Burrage* baseball analogy:

This but-for requirement is part of the common understanding of cause. Consider a baseball game in which the visiting team's leadoff batter hits a home run in the top of the first inning. If the visiting team goes on to win by a score of 1 to 0, every person competent in the English language and familiar with the American pastime would agree that the victory resulted from the home run. This is so because it is natural to say that one event is the outcome or consequence of another when the former would not have occurred but for the latter. It is beside the point that the victory also resulted from a host of *other* necessary causes, such

*Second*, the final paragraph of the government's proposal instructs the jury that it may "consider statements made or language used by a defendant, the circumstances surrounding the alleged offense, and all other evidence that may shed light on a defendant's motives and intent." Other instructions cover this principle. Again, Instruction No. 6 tells the jurors how to consider evidence. The parties have also agreed to a limiting instruction (No. 23) telling the jurors how to consider text and social media posts – not for character or for conduct, but to determine whether the McMichael defendants acted because of race or color. This concept is adequately covered by other instructions.

## Objection to Government's Proposed Jury Instruction No. 19

The McMichael defendants object to the government's proposed instruction nineteen.

---

as skillful pitching, the coach's decision to put the leadoff batter in the lineup, and the league's decision to schedule the game. By contrast, it makes little sense to say that an event resulted from or was the outcome of some earlier action if the action merely played a nonessential contributing role in producing the event. If the visiting team wound up winning 5 to 2 rather than 1 to 0, one would be surprised to read in the sports page that the victory resulted from the leadoff batter's early, non-dispositive home run.

*Id.* at 211-12.

The indictment alleges that a violation of 18 U.S.C. §245 occurred because Ahmaud Arbery "was and had been enjoying a facility provided and administered by a state and subdivision thereof; specifically, as Arbery was running on a public street in the Satilla Shores neighborhood of Brunswick, Georgia. . . .: (Doc 1) It thus limits facility to "a public street" that was "provided [or] administered" by a state or subdivision thereof.

The McMichael defendants object to the second paragraph of this instruction for two reasons. First, it purports to inform the jury of the purpose of or congressional intent behind this particular element of 18 U.S.C. §245: "The law provides that all individuals have the right to use public facilities, including public streets, free from racial violence and intimidation." A statement of purpose or congressional intent does not accompany any other statutory description or element in these requests to charge. Its sudden presence here is out-of-place and seems designed to help the government.

Second, the indictment identifies the facility as "a public street." The exact language of 18 U.S.C. §245(b)(1)(B) refers to any "facility . . . provided by any State or subdivision thereof." The McMichael

6

defendants' proposed charge mirrors the language of the indictment and the statute, stating that "[p]ublic facilities include streets that are provided or administered by a state or subdivision of a state." Since "public facilities" have been defined to include "streets that are provided or administered by a state or subdivision of a state," the McMichaels' proposed charge correctly states the governing law and the charging document.

The government's second paragraph gives other examples of public facilities not at issue in this case, like "streets, roads, bridges, sidewalks, and similar services." Given that the indictment limits the public facility to a street in a neighborhood, broadening the definition leads to a constructive amendment of the indictment. *See United States v. Madden*, 733 F.3d 1314, 1313 (11th Cir. 2013)(noting that a constructive amendment "occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment"). The government, too, proposes to expand "state or subdivision" in §245 to "a local government or . . . an agency of such a government to serve the public" and a "governmental entity like a town or city." McMichael has

cited authority that in Georgia, a county is a subdivision of the state. *See Wojcik v. State,* 260 Ga. 260 (1990). The government has not cited any authority for its proposition that all of these other entities are subdivisions of the state; in any event, it is not necessary given that the alleged "public street" at issue here was in Glynn County. The government, too, *never* uses the exact statutory language – "provided or administered" – to describe the state or subdivision's role to make it a facility.

As for the third paragraph, the government's instruction proposes a "because of" standard to describe Arbery's use of a public facility. "Because of" was the standard in instruction 18 – i.e., "because of" race. To avoid confusion with the two "because-of" standards, McMichael has used the same language in instructions18 and 19.

## Objection to Government's Proposed Jury Instructions No. 21, 23

The McMichael defendants object to the government's statement regarding the second element of kidnapping. The McMichael defendants have proposed the use of the pattern instruction's charge about the meaning of "reward or benefit" in the kidnapping statute, 18 U.S.C.

§1201. The pattern succinctly states what the government must prove to meet this element, and the McMichael defendants ask the Court to charge the pattern.

Similarly, in instruction 23, the McMichael defendants ask the Court to echo the pattern instruction's language, rather than that proposed by the government.

Respectfully submitted this 25th day of January, 2022.

/s/ Amy Lee Copeland
Amy Lee Copeland
Georgia Bar No. 186730
Attorney for Travis McMichael

602 Montgomery Street
Savannah, Georgia 31401
912-807-5000
ALC@roco.pro

/s/ A.J. Balbo
A.J. Balbo
Georgia Bar No. 142606
Attorney for Gregory McMichael

Post Office Box 1297
Richmond Hill, Georgia 31324
912-459-1776
aj@balbogregg.com

## CERTIFICATE OF SERVICE

I have served all parties of record by filing these Joint Objections on the Court's CM/ECF portal, which generates a link sent to all counsel of record to a file-stamped .pdf copy of this document.

This 25th day of January, 2022.

/s/ Amy Lee Copeland
Amy Lee Copeland
Georgia Bar No. 186730
Attorney for Travis McMichael