# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:21-cr-22 |
| | ) | |
| TRAVIS MCMICHAEL, | ) | |
| GREGORY MCMICHAEL, and | ) | |
| WILLAM "RODDIE" BRYAN | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Just after the jury was sworn in this federal hate crimes trial, Defendants Greg McMichael, Travis McMichael, and William "Roddie" Bryan moved to dismiss the indictment. The governing statute, defense counsel pointed out, requires the United States to "certif[y] in writing" that the prosecution "is in the public interest and necessary to secure substantial justice" before "undertak[ing] a prosecution." 18 U.S.C. § 245(a). Up to that point in the case, the Government had neither produced nor filed such a certification. Thus, Defendants argued, the Government had not satisfied the certification requirement, and the Court lacked subject matter jurisdiction.

After opening statements, the Government produced and filed the certification. See Dkt. No. 183. The certification is signed by Acting Associate Attorney General Matthew Colangelo and dated

April 20, 2021—eight days before the indictment in this case was filed. Compare Dkt. No. 183 with Dkt. No. 1. The Court issued an oral Order in open court denying the motion, and now memorializes it through a written Order.

The Government's certification satisfies the statute. First, the certification was signed before the indictment was filed, meaning the "prosecution" was only "undertaken . . . upon certification." 18 U.S.C. 245(a); United States v. Mungia, 240 F.3d 1074, 1074 (5th Cir. 2000) ("The government complied with the plain language of § 245(a)(1) by securing a certification before commencing the case."). Next, the certification was signed by an appropriate official. See 18 U.S.C. § 245(a) (listing "the Associate Attorney General" as an appropriate official to certify a prosecution). While the certification reflects that Matthew Colangelo is an *Acting* Associate Attorney General, dkt. no. 183, that fact makes no difference for these purposes. See United States v. McGee, 173 F.3d 952, 955-56 (6th Cir. 1999)(because "[a]n acting official possesses all the powers that the official would normally possess," he "may perform the functions and duties of, and act as, the Associate Attorney General," so his signing a § 245(a) certification "[is] not an impermissible delegation of power[.]" (citing 28 U.S.C. § 510; 28 C.F.R. § 0.132(c))).Finally, the certification indeed states that "in [the Acting Associate

Attorney General's] judgment, prosecution . . . of Travis McMichael, Gregory McMichael, and William 'Roddie' Bryan [under] Title 18, United States Code, § 245(b)(2)(B) . . . is in the public interest and is necessary to secure substantial justice." Dkt. No. 183. Those things, together, are enough to satisfy the certification requirement. Mungia, 240 F.3d at 1074.

There is no requirement that the Government file the certification along with the indictment. On its face, the statute requires only that the certification be "in writing." 18 U.S.C. § 245(a). Unlike similar certification requirements—the Federal Juvenile Delinquency Act, for example—"there is no statutory requirement that the certification [under § 245(a)] be filed with the district court." Mungia, 240 F.3d at 1074 (distinguishing 18 § U.S.C. 5032, which "explicitly requires the Attorney General to certify 'to the appropriate district court' that the requisite factors are present"). It is enough that an appropriate official wrote and signed (that is, "certif[ied]") a statement that the prosecution here is "in the public interest" and "necessary to secure substantial justice." Dkt. No. 183; 18 U.S.C. § 245(a).

Thus, the Government's § 245(a) certification is valid. There is therefore no need to decide "whether proper certification is indeed necessary for subject matter jurisdiction," Mungia, 240 F.3d at 1074; see also, e.g., United States v. Hari, No. 18-cr-

0150, 2019 WL 7838282, at *8 (D. Minn. Sept. 17, 2019), or merely some sort of procedural defect, see Fed. R. Crim. P. 12(b)(3). Defendants' motion to dismiss is therefore **DENIED**.

    **SO ORDERED** this 16th day of February, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA