# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIM. NO.: 7:21-cr-00054-HL-TQL |
| v. : | |
| : | |
| GEARY STATEN, : | |
| Defendant. : | |
| : | |

## PLEA AGREEMENT

It is agreed by the United States of America, by the Assistant Attorney General for Civil Rights and through its undersigned attorneys, and GEARY STATEN, hereinafter referred to as "the Defendant," by and through the undersigned attorney, as follows:

(1)

The Defendant acknowledges that he has reviewed and discussed the potential charges against him in this matter with his attorney. The Defendant's attorney has explained to the Defendant his understanding of the United States' evidence.

(2)

The Defendant understands that he is not required to plead guilty, and that he has the right to plead not guilty and to elect instead to be tried by jury. The Defendant understands that at a jury trial, he would enjoy a presumption of innocence, and that the United States would have the burden of proving his guilt beyond a reasonable doubt. The Defendant understands that he would be entitled to the services of an attorney at all stages of such a trial. The Defendant understands that he would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in his own behalf. The Defendant understands that he would have the right to testify on his own behalf, but that he could not be compelled to do so. The Defendant has

1

discussed these rights with his attorney and is satisfied with the services of his attorney. The Defendant knowingly and voluntarily waives his right to plead not guilty and to proceed to trial.

(3)

The Defendant, being fully cognizant of his rights, and in exchange for the considerations to be made by the United States as set forth in Section (4) below, agrees pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, as follows:

(A) The Defendant is guilty and will knowingly and voluntarily enter pleas of guilty to Count 1 of the Indictment, which charges him with Misprision of Felony, in violation of Title 18, United States Code, Section 4.

(B) The Defendant understands that Title 18, United States Code, Section 4, makes it a crime for anyone to conceal from the authorities the fact that a federal felony has been committed. A violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law, that results in bodily injury and/or involves the use of a dangerous weapon is a federal felony. To sustain a conviction for the offense to which the Defendant is pleading guilty, as charged in the Indictment, the Government must establish each of the following elements beyond a reasonable doubt:

FIRST: That a federal felony was committed, in this case Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242. To prove a felony violation of Deprivation of Rights Under Color of Law, the government must prove that a person, acting under color of law, willfully deprived a person of his rights under the U.S. Constitution or Federal law (here, the right under the Fourth Amendment to be free from unreasonable seizures, which includes a law enforcement officer's use of unreasonable force during an arrest), and that the offense resulted in bodily injury or involved the use of a dangerous weapon;

SECOND: That the defendant had knowledge of the commission of the felony;

THIRD: That the defendant failed to notify an authority under the United States as soon as possible. An "authority" includes a federal judge or some other federal civil or military authority, such as a federal grand jury or FBI agent; and

2



FOURTH: That the defendant committed an affirmative act to conceal the crime.

(C) The Defendant fully understands that his plea of guilty to Count 1 of the Indictment, as set forth in Subsection (A), above, will subject him to a maximum sentence of three (3) years imprisonment, a fine of $250,000, or both, a term of supervised release of one (1) year, and whatever restitution may be ordered by the Court. The Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(D) The Defendant understands that this case is governed by the Sentencing Reform Act, as modified by United States v. Booker, 543 U.S. 220 (2005). The Defendant knowingly and voluntarily waives any further objections that he may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. The Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to a trial by jury and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(E) The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that he may have received from his attorney, the United States, or the Probation Office. The Defendant further acknowledges and agrees that he will not be allowed to withdraw his plea because he has received an estimated Sentencing Guidelines range from the United States, his attorney, or the Probation Office, which is different from the Sentencing Guidelines range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct Sentencing Guidelines range. The Defendant has discussed with his counsel the advisory Sentencing Guidelines and their applicability, and understands that

3

the Court will not be able to determine the appropriate Sentencing Guidelines range and sentence until after a presentencing investigation and report have been completed. The Defendant understands and has discussed with his attorney that he will have the opportunity to review the Presentence Investigative Report and challenge any facts reported therein. The Defendant understands and has discussed with his attorney that any objections or challenges by the Defendant or his attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(F) The Defendant understands and has discussed with his attorney that the Court will determine in its sole discretion what his sentence will be. The Court determines the Sentencing Guidelines range that applies in this case, but the Sentencing Guidelines are not binding on the Court. The Court could impose any sentence up to the maximum possible penalty as set out above, despite any lesser or greater sentencing range provided for by the Sentencing Guidelines.

(G) The Defendant understands that the parties have no agreement regarding sentencing. Each party may recommend to the Court any sentence within the statutory minimum (probation) and maximum (three years of imprisonment).

(H) The Defendant agrees to provide a check for the mandatory assessment at or before the time of sentencing.

(I) Understanding that Title 18, United States Code, Section 3742 provides a defendant with the right to appeal the sentence under certain circumstances, the Defendant waives any right to appeal the imposition of sentence upon the Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory Sentencing Guidelines range as that range has been calculated by the District

4

Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

The Defendant waives any right to collaterally attack his conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that he shall retain the right to bring a claim of ineffective assistance of counsel. The Defendant's knowing and voluntary waiver of the right to appeal and collaterally attack his conviction and sentence includes waiver of the right to raise on appeal or on collateral review any argument that (a) the statute to which the Defendant is pleading guilty is unconstitutional and/or (b) the admitted conduct does not fall within the scope of the statute.

The Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the Defendant's sentence.

The Defendant and the United States agree that nothing in this plea agreement shall affect the United States' right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States appeals the Defendant's sentence pursuant to this statute, the Defendant is released from the Defendant's waiver of his right to appeal altogether.

The Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack the Defendant might file challenging his conviction or sentence in this case. If the Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the United States, be remanded to the District Court to determine whether the Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

5

(J) The Defendant hereby waives all defenses based on the applicable statutes of limitations as to the offenses charged in the Indictment and all offenses that the United States has agreed not to prosecute, as long as such offenses are not time-barred on the effective date of this agreement. The Defendant likewise waives any common law, equitable, or constitutional claim of pre-charge delay as to such offenses, as long as such offenses are not time-barred on the effective date of this agreement. The waivers contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that the Defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

(K) Any of the following actions by the Defendant constitutes a material breach of this agreement:

  a. failing to plead guilty to Count 1 of the Indictment;

  b. representing, directly or through counsel, to the United States or the Court that he will not plead guilty to Count 1 of the Indictment;

  c. moving to withdraw his guilty plea;

  d. filing an appeal or instituting other post-conviction proceedings not authorized in this agreement;

  e. disputing or denying guilt of the offense to which the Defendant has agreed to plead guilty or denying or disputing any fact contained in the stipulated factual basis;

  f. withholding information, providing false, misleading, or incomplete information or testimony, including financial information and testimony, or committing perjury; or

  g. violating the terms of this agreement in any other manner.

(L) The United States and the Defendant hereby agree that, in the event of a breach by the Defendant, the United States is relieved of its obligations under the agreement. In particular,

6

the United States and the Defendant agree that any breach of this agreement by the Defendant would: (a) not entitle the Defendant to withdraw his plea of guilty; (b) permit the United States to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this Indictment; (c) permit the United States to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the United States to utilize against the Defendant in any subsequent judicial proceeding any and all statements made by the Defendant. Such statements and information include, but are not limited to, the plea agreement itself, the factual basis statement, statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, statements made pursuant to a proffer agreement, statements made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure (including the Defendant's entry of the guilty plea), and statements made in the course of plea discussions. The Defendant expressly and voluntarily waives the protection afforded by Federal Rule of Evidence 410 as to any statements made by him personally (but not as to statements made by his counsel).

(M) The United States will provide written notice to the Defendant or his attorney if it intends to be relieved of its obligations under the agreement as a result of a breach by the Defendant. After providing such notice, the United States may institute or proceed with any charges against the Defendant prior to any judicial determination regarding breach. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a

7

preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

To prove a breach, the United States may use any relevant evidence, including (1) any and all statements of the Defendant, (2) any and all statements of his counsel to the Court (including the United States Probation Office), and (3) any representation by defense counsel to the United States that the Defendant will not plead guilty.

(N) The Defendant and the United States stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(O) The Defendant acknowledges that the United States' position in the instant prosecution was not vexatious, frivolous, or in bad faith, and the Defendant waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States agrees as follows:

(A) That it will accept the plea of guilty by the Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges known to the United States at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. Further, the United States agrees that it will dismiss any remaining charges in the Indictment at the time of sentencing.

8

(B) To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct charged in Count 1, the Government agrees that the Defendant should receive a two (2) level reduction provided the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any attorney for the United States, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced him to enter a plea of guilty.

(7)

As an aid to this Court, the United States and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under United States

9

Sentencing Guidelines Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written, or in its discretion with the aid of the Presentence Investigative Report, determine the facts relevant to sentencing.

With respect to Count 1 of the Indictment, the parties stipulate and agree that the following facts are true and that United States could prove the following facts to a jury beyond a reasonable doubt if the case went to trial. The parties further stipulate and agree that such facts establish a sufficient factual basis for the Defendant's plea of guilty to Count 1 of the Indictment. The parties acknowledge that such facts are only a partial summary of the Government's evidence. The parties reserve the right to present additional evidence at the time of sentencing, if they so choose, and this paragraph is not intended to foreclose the presentation of such additional evidence.

On or about December 29, 2018, the Defendant was employed as a Supervisory Correctional Officer, with the rank of Lieutenant, at Valdosta State Prison (the "prison"), in Valdosta, Georgia. On this date, the Defendant was the shift supervisor and highest ranking official on duty. While the Defendant was on duty, correctional officers under his supervision assaulted inmate F.G., who was handcuffed and compliant at the time of the assault, in retaliation for an earlier altercation between inmate F.G. and a female officer at the prison. Inmate F.G. sustained bodily injury as a result of the assault; including physical pain and injury to the body.

The Defendant knew the assault took place, and knew that it constituted an unlawful use of force by the officers, which is a federal felony.

The Defendant did not report the unlawful use of force to any judge, agent, or other person in civil or military authority under the United States. Instead, the Defendant affirmatively concealed his subordinate's use of unreasonable and excessive force on

inmate F.G. by (1) instructing the officers not to write any report regarding the incident, despite the fact that he knew a written report was required any time an official used force on an inmate; (2) failing to write or submit any use-of-force report to Valdosta officials or any other Georgia Department of Corrections officials, despite the fact that he knew such a report was required. *65*

*65 of 14*

## ACCEPTANCE OF PLEA AGREEMENT

The Defendant understands and has fully discussed with the Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this __22__ day of ~~April~~ June, 2022.

KRISTEN M. CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

BY: _____
Katherine DeVar
Nicole Raspa
TRIAL ATTORNEYS

12

I, GEARY STATEN, have read this agreement and had this agreement read to me by my attorney, OLIVER REGISTER. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
GEARY STATEN
DEFENDANT

I, OLIVER REGISTER, attorney for Defendant GEARY STATEN, have explained the charge in Count 1 of the Indictment and the United States' evidence and my investigation of the charge to the Defendant. I believe the Defendant understands the charges against him and the evidence that would be presented against him at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to the Defendant. To the best of my knowledge and belief, the Defendant understands this agreement.

_____
OLIVER REGISTER
ATTORNEY FOR THE DEFENDANT